UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:22-cv-00093-MR

| ANTHONY GEORGE SIMPSON, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| TIMMOTHY D. MAYNOR, | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Plaintiff's on initial review of Plaintiff's Complaint, [Doc. 1], under 28 U.S.C. §§ 1915A and 1915(e). Plaintiff is proceeding in forma pauperis. [Docs. 2, 7].

## I.  BACKGROUND

Pro se Plaintiff Anthony George Simpson ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at Johnston Correctional Institution in Smithfield, North Carolina.[1]  He filed this action purportedly pursuant to 42 U.S.C. § 1983 on July 8, 2022, naming Timmothy [sic] Maynor, identified as the Warden of Catawba CC, as the sole Defendant.

---

[1] Since February 2022, Plaintiff has been housed at Catawba Correctional Center ("Catawba CC") in Newton, North Carolina; Caldwell Corrections Center in Lenoir, North Carolina; Lincoln Correctional Center in Lincolnton, North Carolina; Foothills Correctional Institute in Morganton, North Carolina; and now Johnston Correctional Institution. [See Doc. 1 at 2, 5, 7, 10; NCDPS Inmate Locator website].  Plaintiff is currently serving a life sentence for second degree murder.

[Doc. 1]. Plaintiff alleges that on three occasions from June 26, 2016, to February 19, 2022, he has been denied protective custody "for constant threatening from 3 different gang groups (Blood, Crip, BOS)." [Id. at 5]. He has been told, "as long as nothing physical had happen[ed] to [him]," the only thing they could do is transfer Plaintiff to a different facility. [Id.]. Plaintiff had no problems until he arrived at Catawba CC in or around February 2022, which has an open dorm setting, where Plaintiff was subject to "constant jabs and threats" by other inmates. [Id. at 6]. On April 24, 2022, at Catawba CC, Plaintiff got into a shoving match with another inmate, which resulted in Plaintiff's brief placement in restrictive housing. [Id.]. Plaintiff believes Defendant Maynor put Plaintiff in restrictive housing to allow Plaintiff time to prepare a complaint that would result in protective custody placement. [Id. at 6-7].

Plaintiff claims his rights under the Eighth Amendment have been violated by the "lack of due process in accordance with the North Carolina D.P.S. policy manual." [Id. at 5].

Plaintiff alleges no actual injury, only fear of attack by gang members if he "breaks asylum." [See id. at 6-7]. For relief, Plaintiff seeks "habeas corpus relief for post-conviction remedy" in the form of "reassignment to protective control" at Warren Correctional Institution in accordance with

NCDPS Policy, Chapter C, Section .1100 – .1102, Protective Control. [Id. at 8]. Plaintiff also asks for access to life enrichment programs and mental health services and an interstate compact governing his probation on release. [Id.].

Recently, Plaintiff filed an action with this Court seeking essentially identical relief. [Civil Case No. 5:22-cv-00061-MR ("CV 5:22-cv-61"), Doc. 1]. Plaintiff moved to voluntarily dismiss that action because, by his own admission, he was challenging NCDPS protective custody policy and the relief he sought was available through other means. [Id., Doc. 6 at 1]. Plaintiff acknowledged there was "no cause for the complaint." [Id., Doc. 7 at 1]. The Court granted Plaintiff's motion and dismissed the action. [Id., Doc. 9 at 4]. Thereafter, Plaintiff filed a "Petition for Writ of Habeas Corpus for Post Conviction Remedy" pursuant to 28 U.S.C. § 2241 in that action. [Id., Doc. 11]. Plaintiff asked the Court to order that he be brought before the NCDPS Facility Classification Committee to seek protective custody. [Id., id.]. The Court denied Plaintiff's petition, noting that § 2241 does not apply to the relief Plaintiff sought and admonishing Plaintiff that he may not file further documents in that case that purport to institute new actions or seek new relief. The Court advised Plaintiff that he may seek protective custody through the means afforded by NCDPS policy and procedure, not

3

with this Court. [Id., id. at 3]. Nonetheless, Plaintiff promptly filed the instant action, which again seeks the same relief. [See Doc. 1].

## II. STANDARD OF REVIEW

The Court must review Plaintiff's Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which

4

set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff purports to bring this Complaint pursuant to 42 U.S.C. § 1983, but he seeks "habeas corpus relief for post-conviction remedy." [Doc. 1 at 2, 10]. Regardless of the label of the action, it will be dismissed for the same reasons as Plaintiff's recent, related action. That is, Plaintiff may seek protective custody and prison services through the means afforded by NCDPS policy and procedure, not with this Court. Plaintiff has failed to state any claim for relief cognizable by this Court under § 1983 or otherwise.

Moreover, there seems no reason why Plaintiff named Maynor, the Warden of Catawba CI, as the Defendant in this action. Plaintiff has not been housed at Catawba CI since February 2022 and has since been transferred to Caldwell CC, Lincoln CC, Foothills CI, and finally to Johnston CI, where he remains now. Even if the relief Plaintiff seeks were obtainable from this Court, which it is not, Maynor is not a proper Defendant. Finally, Plaintiff is now housed in a facility in the Eastern District of North Carolina, which falls outside any jurisdiction this Court might have.

Because Plaintiff has failed to state a claim for relief and because amendment would be futile, the Court will dismiss Plaintiff's Complaint with

prejudice.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint with prejudice.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint [Doc. 1] is hereby **DISMISSED with prejudice** for Plaintiff's failure to state a claim for relief.

2. The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: August 1, 2022

Martin Reidinger
Chief United States District Judge